UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v.    ) | 2:25-cr-00076-JAW |
| ) | |
| KEVIN BELL  ) | |

**REPLY TO GOVERNMENTS RESPONSE TO DEFENDANT'S MOTION TO DISMISS**

Now comes, the Defendant, Kevin Bell, by and through the undersigned counsel, pursuant to Rule 12(b) of the Federal Rules of Criminal Procedure and hereby moves this Court to grant Defendant's motion to Dismiss the Indictment in this case, notwithstanding the Government's Response in Opposition.

The Government's Response in Opposition to Defendant's Motion to Dismiss fails to address the fundamental deficiencies in the Indictment. While the Government claims that the Indictment "tracks the statutory language" of 18 U.S.C. §871(a) and therefore satisfies constitutional standards, this oversimplifies what both the Constitution and Rule 7(c)(1) require. An indictment must do more than merely recite legal conclusions or statutory phrases. It must include "a statement of the facts and circumstances as will inform the accused of the specific offense coming under the general description, with which he is charged." *Hamling v. United States,* 418 U.S. 87, 117–18 (1974) (quoting *United States v. Hess,* 124 U.S. 483, 487 (1888)). And an indictment must allege the elements of the charge and the facts of the offense "so that the defendant can prepare a defense and plead double

1

jeopardy in any future prosecution for the same offense." *United States v. Guerrier,* 669 F.3d 1, 3 (1st Cir. 2011). The Indictment fails to do so here.

It appears from the Government's response that the allegation is that Mr. Bell said, "'I wanted to shoot Bush, but didn't, but now Trump is in and I don't care for him either' continuing to say either 'I'll try to shoot him' or 'I'll just shoot him.'" Govt. Response ECF 52 P 2. The questions initially raised in Mr. Bell's Motion to Dismiss remain unanswered: Who was Mr. Bell allegedly threatening, Bush or Trump? What was the threat? Does the Government allege that Mr. Bell said, "I'll try to shoot him" or "I'll just shoot him?" Certainly, more people than just Witness 1 were at the diner. Did Mr. Bell allegedly make those statements only to Witness 1? These questions make clear that the Indictment is lacking.

Despite the Government's implication to the contrary, a criminal defendant may challenge a defect in the indictment, including "failure to state an offense." Fed.R. Crim. P. 12(b)(3)(B)(v). Mr. Bell is not asking the court to make factual determinations about the sufficiency of the evidence or to base its decision on disputed factual assertions outside the Indictment. Rather, Mr. Bell asks this court to assess the legal sufficiency of the Indictment's allegation on its face:

- Does it allege sufficient facts to permit Mr. Bell to prepare his defense?
- Does the Indictment contain enough information to inform Mr. Bell of the specific offense coming under the general description?
- Does it allege sufficient facts to allow Mr. Bell to plead double jeopardy in any future prosecution for the same offense?

- Does it allege all of the constitutionally required elements, including that the threat made, falls outside of the protection of the First Amendment?
- Does it allege a true threat?

The answer to all these questions is no. In this case the Indictment contains hardly more than a bare recitation of the statute, making it insufficient.

In reviewing the sufficiency of an indictment, the court must consider only the indictment itself, without reference to allegations outside the indicting document. *United States v. Stepanets,* 879 F.3d 367, 372 (1st Cir. 2018). See also *United States v. Sayward*, No. 3:22-CR-111, 2022 WL 17849053, at *2 (D.N.D. Dec. 22, 2022) (quoting *United States v. Steffen*, 687 F.3d 1104, 1107 (8th Cir 2012). The Indictment fails to include a constitutionally required element of the offense: that the alleged statements were a true threat. *Virginia v. Black,* 538 U.S. 343 (2003). The Court cannot determine that the statement Mr. Bell allegedly made was a true threat because the Indictment does not specify or attempt to clarify the alleged threat.

Although the question of whether statements amount to a true threat are generally left to the jury, in the clearest of cases, "typically where no factfinder could conclude that the statement constitutes a true threat of future harm," courts can dismiss indictments under the First Amendment. *United States v. Sayward,* 2022 WL 17849053, at *3 (quoting *United States v. Hussanini*, NO 19-60387-CR, 2022 WL 138474, at *5 (S.D. Fla. Jan. 14, 2022)) (citing *United States v. Landham*, 251 F.3d 1072, 1082 (6th Cir. 2001)). A court "should grant a motion to dismiss an indictment only if the charged language is so facially insufficient that no reasonable jury could find that the language amounted to a true threat."

*United States v. Ortiz*, No. CR-25-00153-PHX-DGC, 2025 WL 1532604, at *3 (D. Ariz. May 29, 2025) (citing *United States Day*, 2024 WL 2746985, at *4 (D. Ariz. May 29, 2024)) (citing *United States v. Zavalidroga*, 156 F.3d 1241, 1241 (9th Cir. 1998); *United States v. Landham*, 251 F.3d 1072, 1082 (6th Cir. 2001). The question for the Court here is, based on the plain language of the present Indictment and *not* based on the Government's two exhibits and four pages of factual allegations—whether the Indictment contains a true threat? Or is the Indictment, as Mr. Bell contends, and *Ortiz* states so facially insufficient that no reasonable jury could find the alleged statement rose to the level to a true threat?

If it is possible, however unlikely, for a prosecutor to obtain a conviction based wholly on evidence of an incident completely divorced from that upon which the Grand Jury based its indictment, it must be dismissed. *See United States v. Tomasetta*, 429 F.2d 978, 980 (1st Cir. 1970). Here, when looking only at the Indictment, Mr. Bell is accused of making an unidentified threat by an unknown means to an unnamed person on a particular day in a State that contains more than one million people. Mr. Bell is presumed to be innocent. Consider, if the Defense were to attempt to establish an alibi defense. Unless Mr. Bell could demonstrate that he was not in the State of Maine during the entire day and did not communicate with anyone in the State of Maine on that day, establishing an alibi would be impossible as the precise time and place are not specified. Similarly, where the location, time, and object of the communication are not specified, it is possible that Mr. Bell engaged in conversations with multiple people on the date alleged in the Indictment. Without specific information in the Indictment like the alleged statement Mr. Bell made that the Government contends is a true threat and to whom he made it, Mr. Bell

could be convicted at trial on information wholly separate from that which was presented to the Grand Jury. Because the Indictment does not contain sufficient facts, it is possible for a jury to convict Mr. Bell based on information inconsistent with the information the Grand Jury used to indict him. Therefore, the Indictment must be dismissed.

Mr. Bell does not contend that the Government must preview its entire case in the Indictment or supply every underlying fact it intends to prove at trial. Rather, Mr. Bell respectfully submits that the Indictment must allege sufficient factual content to satisfy both the statutory elements of 18 U.S.C. § 871 and the constitutional requirement that the charged statement constitute a "true threat" as defined by *Counterman v. Colorado*, 600 U.S. 66 (2023), and *Elonis v. United States*, 575 U.S. 723 (2015). Additionally, the Indictment, however concise, must include enough factual specificity to allow Mr. Bell to assert a future double jeopardy defense, should the need arise. The bare recitation of statutory language, devoid of any description of what the Government alleges Mr. Bell said, to whom, or how, is inadequate especially where protected speech is at issue. The following example illustrates the type of language that would satisfy these requirements without demanding evidentiary disclosure:

> On [DATE], in the District of [STATE], the defendant knowingly and willfully made a threat to [WITNESS 1] that he would take the life of and inflict bodily harm upon [NAME], the President of the United States. Specifically, the defendant stated that 'STATEMENT' in reference to President [NAME], a true threat. The defendant made this statement consciously disregarding a substantial risk that the statement would be perceived as a threat of violence.

This formulation alleges the essential elements of the offense, supplies constitutionally required context, and protects against the risk of double jeopardy without demanding the Government disclose its full evidentiary case.

The Government's citation to *United States v. Coleman* is inapposite. No. 22-1882, 2025 WL 2027851 (1st Cir. July 21, 2025). In *Coleman*, the indictment included factual allegations such as the identity of the victim, the date, location, and importantly, the surrounding circumstances of the offense.[1] Here, by contrast, the Indictment provides nothing more than a recitation of the statute and is devoid of meaningful factual substance.

The Government's effort to distinguish *Watts* by emphasizing contextual difference only underscores Mr. Bell's point: context matters and where the context alleged in the Indictment itself fails to demonstrate a plausible threat, the charge must be dismissed. In *Watts* the Supreme Court reversed a conviction based on political hyperbole, even where the Government insisted the statement was threatening. The Court held that the statement, when viewed in full context, could not reasonably be interpreted as a true threat. The Government here argues that Mr. Bell did not speak at a protest rally and that he mentioned acts of violence, but these allegations are not contained in the Indictment itself. Thus, they cannot save a facially insufficient charge. The Court is bound to assess the sufficiency of the Indictment as written, not as the Government now wishes it had been written.

---

[1] The Indictment read "On or about February 24, 2019, in the District of Massachusetts, and elsewhere, the defendant, LOUIS D. COLEMAN, III, did unlawfully seize, confine, inveigle, decoy, kidnap, abduct, and carry away and hold, for ransom and reward and otherwise, Jassy Correia, when Ms. Correia was willfully transported in interstate commerce, and when Louis D. Coleman, III traveled in interstate commerce in committing and in furtherance of the commission of offense, resulting in the death of Ms. Correia. All in violation of Title 18, United States Code, Section 1201(a)(1)." *United States, Appellee, v. Louis D. COLEMAN III, Defendant-Appellant*, 2024 WL 914777, at *28.

6

The Government contends that if Defendant required further specificity, he should have requested a bill of particulars. That argument is misplaced. A bill of particulars cannot salvage a facially deficient indictment. *Russell v. United States*, 369 U.S. 749, 770 (1962) ("It is a settled rule that a bill of particulars cannot save an invalid indictment."). The Indictment must stand or fall on its face. The remedy for failure to plead essential facts is dismissal, not post hoc supplementation.

The Indictment in this case fails to articulate an offense under 18 U.S.C. §871, the allegations contained in the Indictment do not constitute a true threat and therefore, remain protected speech under the First Amendment. Finally, the Indictment fails to address Mr. Bell's subjective intent as required by *Counterman*. For these reasons, this Court must dismiss the Indictment against Mr. Bell.

Dated:  September 2, 2025                    Respectfully submitted,

/s/Caleigh S. Milton, Esq.
Attorney for Defendant
Assistant Federal Public Defender
P.O. Box 595
Portland, Me 04112-0595
207-553-7070
FAX: 553-7017
Caleigh_milton@fd.org

## **CERTIFICATE OF SERVICE**

      I, Caleigh S. Milton, hereby certify that I have this date caused the within Notice of Appearance to be served upon Assistant United States Attorney Nicholas Heimbach, Esq., by forwarding a copy via the Court's ECF System.

Dated: September 2, 2025               /s/ Caleigh S. Milton
                                                   Attorney for Defendant