UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| v. | )   No. 2:25-cr-00076-JAW-1 |
| | ) |
| KEVIN BELL, | ) |
| | ) |
| Defendant. | ) |

**ORDER DISMISSING DEFENDANT'S MOTION TO DISMISS INDICTMENT**

The court dismisses without prejudice a defendant's motion to dismiss the indictment charging him with threatening the life of or threatening to inflict bodily harm on the President of the United States. Applying Supreme Court and First Circuit authority, the court concludes that the indictment is legally sufficient and that it is unable to address the defendant's remaining issues because to do so would require it to go outside the allegations of the indictment and make factual findings appropriate only for a jury.

**I.    BACKGROUND**

On May 8, 2025, a federal grand jury indicted Kevin Bell for threatening to take the life of and to inflict bodily harm upon the President of the United States. *Indictment* (ECF No. 37). The indictment reads:

> On about April 5, 2025, in the District of Maine, the defendant **KEVIN BELL**, **A/K/A RONAN STOLOFF**, knowingly and willfully made a threat to take the life of and to inflict bodily harm upon the President of the United States.

*Id*. at 1. On June 30, 2025, Mr. Bell moved to dismiss the indictment. *Mot. to Dismiss* (ECF No. 46) (*Def.'s Mot.*). On August 11, 2025, the Government responded. *Gov't's*

*Resp. in Opp'n to Def.'s Mot. to Dismiss* (ECF No. 52) (*Gov't's Opp'n*). On September 2, 2025, Mr. Bell filed his reply. *Reply to Gov't's Resp. to Def.'s Mot. to Dismiss* (ECF No. 55) (*Def.'s Reply*).

## II.   THE PARTIES' POSITIONS

### A.   Kevin Bell's Motion to Dismiss

Mr. Bell moves to dismiss his indictment under Federal Rule of Criminal Procedure 12(b). According to Mr. Bell, the indictment is defective not only because it fails to sufficiently articulate the charge he must defend, but it is also defective because, even if the indictment did sufficiently allege a charge, his speech is protected by the First Amendment of the United States Constitution. *Def.'s Mot.* at 1-10. First, Mr. Bell argues that the indictment must be dismissed because it merely recites the criminal statute's language and omits "the threat made," failing to properly inform Mr. Bell of the "specific offense or utterance with which he is charged." *Id.* at 2-3. Second, relying on the Criminal Complaint and the attached Affidavit of Special Agent Brad Numan, *id.* at 1 (citing *Criminal Compl.*, Attach. 1 *Aff. of Bradford Nunam* at 1-11 (ECF No. 3)), Mr. Bell argues his alleged threat is protected by the First Amendment, because it is not a "true threat." *Id.* at 5-9. Lastly, Mr. Bell points out the indictment's silence on his subjective intent "to commit unlawful violence," which Mr. Bell maintains is an essential element of the crime. *Id.* at 9-10.

### B.   The Government's Response

In its opposition to Mr. Bell's motion to dismiss, the Government first details the circumstances underlying the alleged threat. *Gov't's Opp'n* at 1-5. The

2

Government then maintains that the indictment passes muster because it contains all the information legally required to appear in an indictment – specifying all the elements of the charged offense, apprising the accused of the charge against which he must defend, and allowing him to contest it without fear of double jeopardy. *Id.* at 6-10. The Government also notes that if Mr. Bell is dissatisfied with the lack of specificity in the indictment, he may file a bill of particulars. *Id.* at 10. The Government asserts Mr. Bell's alleged threat was a "true threat" and disputes Mr. Bell's contention that the indictment must address his subjective intent. *Id.* at 10-11. Moreover, Mr. Bell's subjective intent and whether his words constitute a "true threat," the Government explains, are not properly raised in a motion to dismiss and are factual issues for the jury to resolve. *Id.* at 12-16.

### C.   Kevin Bell's Reply

Mr. Bell replies that the Government's position – that repetition of the statutory language is legally sufficient – "oversimplifies what both the Constitution and [Federal] Rule [of Criminal Procedure] 7(c)(1) require." *Def.'s Reply* at 1. Despite the Government's description of the underlying facts, Mr. Bell says that "[t]he questions raised in Mr. Bell's Motion to Dismiss remain unanswered." *Id.* at 2. Mr. Bell points out that "[i]n reviewing the sufficiency of an indictment, the court must consider only the indictment itself, without reference to allegations outside the indicting document." *Id.* at 3. Thus, he avers the Court cannot determine whether Mr. Bell's words were a true threat because the indictment does not "specify or attempt to clarify the alleged threat." *Id.* Mr. Bell posits that if he were to assert an

3

alibi defense, he would not know any specifics about the alleged threat other than it took place somewhere in the state of Maine on a particular day. *Id.* at 4. He worries that the Government could prove at trial an incident completely divorced from what the grand jury considered in issuing its indictment. *Id.*

Mr. Bell stresses that he is not claiming the Government must "preview its entire case in the indictment or supply every underlying fact it intends to prove at trial." *Id.* at 5. He merely maintains that the indictment must contain sufficient facts to satisfy the statutory elements of the crime and the constitutional requirements of a true threat. *Id.* at 5. Mr. Bell sets forth what he suggests a sufficient indictment for an alleged violation of 18 U.S.C. § 871 should look like. *Id.* Finally, Mr. Bell disputes the Government's contention that he should file a bill of particulars if he is dissatisfied with the sparseness of the indictment, noting that a bill of particulars cannot cure a defective indictment. *Id.* at 7.

### III. LEGAL STANDARDS

Federal Rule of Criminal Procedure 12(b)(1) provides that "[a] party may raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." FED. R. CRIM. P. 12(b)(1). One such motion is a motion to dismiss. "An indictment, or a portion thereof, may be dismissed if it is otherwise defective or subject to a defense that may be decided solely on issues of law." *United States v. Pringle*, No. 22-10157-FDS, 2023 U.S. Dist. LEXIS 193924, at *2 (D. Mass. Oct. 30, 2023) (quoting *United States v. Labs of Virginia, Inc.*, 272 F. Supp. 2d 764, 768 (N.D. Ill. 2003)).

The First Circuit has written that "dismissing an indictment is an extraordinary step," *United States v. Li*, 206 F.3d 56, 62 (1st Cir. 2000) (quoting *United States v. Stokes*, 124 F.3d 39, 44 (1st Cir. 1997)), because, by returning an indictment, a grand jury is carrying out a constitutionally sanctioned function. *See* U.S. CONST. amend. V ("No person shall be held to answer for a capital, or otherwise infamous crime, unless on a presentment or indictment of a Grand Jury"). "When a federal court uses its supervisory power to dismiss an indictment, it directly encroaches upon the fundamental role of the grand jury. That power is appropriately reserved, therefore, for extremely limited circumstances." *Whitehouse v. United States Dist. Ct.*, 53 F.3d 1349, 1360 (1st Cir. 1995) (citing *Bank of Nova Scotia v. United States*, 487 U.S. 250, 263 (1988)).

Federal Rule of Criminal Procedure 7(c) requires that an indictment "must be a plain, concise, and definite written statement of the essential facts constituting the offense charged." FED. R. CRIM. P. 7(c). This rule is designed to eliminate overlong indictments and "to secure simplicity in procedure." *United States v. Debrow*, 346 U.S. 374, 376 (1953). The United States Supreme Court has long held that an indictment is sufficient if it, "first, contains the elements of the offense charged and fairly informs the defendant of the charge against which he must defend, and, second, enables him to plead an acquittal or conviction in bar of future prosecutions for the same offense." *Hamling v. United States*, 418 U.S. 87, 117 (1974) (citing *Hagner v. United States*, 285 U.S. 427 (1932); *Debrow*, 346 U.S. at 374-78).

The First Circuit has issued guidance on how the district courts are to approach a motion to dismiss an indictment based on sufficiency grounds. In *United States v. Stepanets*, 879 F.3d 367 (1st Cir. 2018), the First Circuit wrote that "[a]n indictment need not say much" to meet the requirements of Rule 7(c). *Id.* at 372. The First Circuit explained:

> This means that an indictment that tracks a statute's terms is legally sufficient if the indictment itself gives the defendant adequate notice of the charges she must meet.

*Id.*

As the parties concede, the court may not consider facts outside the indictment to determine its sufficiency. *Id.* Certainly, if the facts are disputed, a district court may not consider them. *Id.* ("a court must deny a motion to dismiss if the motion relies on disputed facts"). Furthermore, Federal Rule of Criminal Procedure 12(b)(1) mandates that a court may rule on a pretrial motion only if the court "can determine" the legal issue "without a trial on the merits." FED. R. CRIM. P. 12(b)(1); *see also Stepanets*, 879 F.3d at 372.

IV. **DISCUSSION**

   A. **The Sufficiency of the Indictment**

Although counsel have not identified any First Circuit law directly on point, 18 U.S.C. § 871 "has been interpreted to include two major elements: (1) the proof of a 'true threat,' and (2) that the threat is made 'knowingly and willfully.'" *United States v. Lockhart*, 382 F.3d 447, 449-50 (4th Cir. 2004); *accord United States v. Patillo*, 438 F.2d 13, 16 (4th Cir. 1971) (en banc, adhered to panel opinion, *United States v. Patillo*,

431 F.2d 293, 295 (4th Cir. 1970); *United States v. Carrier*, 672 F.2d 300, 303 (2d Cir. 1982) ("threat" and "willfully and knowingly" are the "operative key words" of § 871).

Here, though concise, the indictment places Mr. Bell on notice of the following allegations about the alleged crime: (1) the date – April 5, 2025; (2) the place – the District of Maine, which is the state of Maine;[1] (3) the victim – the sitting President of the United States; (4) the degree of intentionality – knowingly and willfully; and (5) the acts Mr. Bell allegedly committed – a threat to take the life of or to inflict bodily harm upon the President. It is true that the indictment does not say much, but under *Stepanets*, this is not a basis to dismiss the indictment.

On July 25, 2025, in *United States v. Coleman*, U.S. App. LEXIS 18031, the First Circuit affirmed its holding in *Stepanets*. After reiterating the dual requirements that an indictment inform the defendant of the charge he must defend and allow him to contest it without fear of double jeopardy, the *Coleman* Court wrote that "[u]nder our precedent, an indictment meets this standard if it 'use[s] the statutory language to describe the offense,' so long as it also includes enough 'facts and circumstances . . . to inform the accused of the specific offense with which he is charged.'" *Id.* at *15 (quoting *United States v. Savarese*, 686 F.3d 1, 6 (1st Cir. 2012) (citing *United States v. Mojica-Baez*, 229 F.3d 292, 309 (1st Cir. 2000))). The First Circuit rejected a claim that the indictment in that case was defective because it merely restated the elements of the statute. Addressing a kidnapping charge, the

---

[1] Although Mr. Bell criticizes the breadth of the locality allegation, the First Circuit has upheld similar district-wide allegations. *United States v. Coleman*, 149 F.4th 1, Nos. 22-1882, 23-1315, 23-1322, 2025 U.S. App. LEXIS 18031, at *20-21 n.8 (1st Cir. 2025).

7

Court of Appeals observed that the indictment "provides the date of the alleged kidnapping, the name of the victim, and the location," *id.* at *20-21, and "[n]othing more is required." *Id.* Similarly, here, as detailed above, the indictment contains sufficient allegations to inform Mr. Bell of the crime with which he has been charged.

It is true that where indictments under 18 U.S.C. § 871 have been challenged as insufficient, some contain the exact language constituting the threat. *Lockhart*, 382 F.3d at 450;[2] *Carrier*, 672 F.2d at 303.[3] However, Mr. Bell has not presented caselaw holding that an indictment must quote the exact language of the threat to survive a motion to dismiss.

### B. True Threat

Mr. Bell correctly cites binding caselaw that to prove a criminal threat case, the First Amendment requires the Government to demonstrate that the threats are "true threats," not simply "jests, 'hyperbole,' or other statements that when taken in

---

[2] In *Lockhart*, the indictment read:

> On or about April 14, 2003, in the Eastern District of Virginia, the defendant, FLORENCE LOCKHART, knowingly and willfully made a threat to inflict bodily harm and to take the life of the President of the United States, stating that "if George Bush refuses to see the truth and uphold the Constitution, I will personally put a bullet in his head."

*Lockhart*, 382 F.3d at 450.

[3] In *Carrier*, the Circuit Court described the indictment as follows:

> The language of the indictment charges that the defendant, Mary Frances Carrier, on April 9, 1981, in the presence of two named people did "willfully and knowingly" make a threat to take the life of or to inflict bodily harm upon the President of the United States by stating, "It's too bad that Hinckley wasn't successful in killing that son of a bitch … the only thing I will do is blow the head off of the President of the United States."

*Carrier*, 672 F.2d at 303.

context do not convey a real possibility that violence will follow." *Counterman v. Colorado*, 600 U.S. 66, 74 (2023); *see Virginia v. Black*, 538 U.S. 343, 359 (2003); *United States v. Ackell*, 907 F.3d 67, 75 (1st Cir. 2018).

Three issues prevent the Court from resolving this issue in favor of Mr. Bell. First, as Mr. Bell himself acknowledges, the Court must consider just the face of the indictment and must not consider evidence outside of the indictment. *Def.'s Reply* at 3 ("In reviewing the sufficiency of an indictment, the court must consider only the indictment itself, without reference to allegations outside the indicting document"). The indictment only alleges that Mr. Bell "made a threat to take the life of or to inflict bodily harm upon the President of the United States." *Indictment* at 1. Mr. Bell does not suggest how the Court could consider the actual language he is alleged to have used, if the Court may properly consider only the language of the indictment.

Second, as the First Circuit recently reiterated, an allegation in an indictment of a statutory element, such as the threat here, is sufficient to withstand dismissal. *Coleman*, 2025 U.S. App. LEXIS 18031, at *17-21. Thus, when the indictment uses the term, "threat," it incorporates the Supreme Court's and the First Circuit's directive that only true threats can violate the statute.

Finally, Mr. Bell's argument that his alleged threat does not constitute a "true threat" is a matter for the trier of fact to resolve. *Carrier*, 672 F.2d at 306 ("[W]e believe that whether words used are a true threat is generally best left to the triers of fact"); *see also United States v. Merrill*, 746 F.2d 458, 462-63 (9th Cir. 1984) ("A few cases may be so clear [in favor of acquittal] that they can be resolved as a matter of

law . . . but most cases arising under [18 U.S.C. § 871] present widely varying fact patterns that should be left to the trier of fact") (citations omitted).

### C. Subjective Intent

Mr. Bell's arguments about the failure of the indictment to make specific allegations about his subjective intent suffer from the same infirmity. 18 U.S.C. § 871 requires that a person must "knowingly and willfully" make the threat. This same statutory language is echoed in the indictment. *Indictment* at 1. Mr. Bell cites *Counterman* as authority for the proposition that the Supreme Court has required the defendant "subjectively understood 'the threatening nature of his statements.'" *Def.'s Mot.* at 9 (quoting *Counterman*, 600 U.S. at 69). But, again, "knowingly and willfully" are statutory terms of art and incorporate the Supreme Court and First Circuit's teachings. Whether the Government can prove that Mr. Bell had the requisite level of intent at trial is a matter for jury resolution, and, with the assistance of able counsel, the Court anticipates instructing the jury properly as to the meaning of those terms. It will then be the jury's duty to determine whether the evidence has met these standards. But at bottom, whether Mr. Bell has the requisite intent is a factual question, and not something this Court can resolve on a motion to dismiss, since it requires "a trial on the merits." FED. R. CRIM. P. 12(b)(1); *See Stepanets*, 879 F.3d at 372.

### V. CONCLUSION

The Court DISMISSES without prejudice Kevin Bell's Motion to Dismiss (ECF No. 46).

10

SO ORDERED.

<u>/s/ John A. Woodcock, Jr.</u>
JOHN A. WOODCOCK, JR.
UNITED STATES DISTRICT JUDGE

Dated this 24th day of September, 2025