UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Criminal No. 2:25-CR-00076-JAW |
| ) | |
| KEVIN BELL ) | |

**DEFENDANT'S TRIAL BRIEF**

The Defendant, Kevin Bell, by and through counsel, Caleigh S. Milton, submits the following trial brief:

**I.   STATUS OF THE CASE**

Mr. Bell's selected a jury on, December 1, 2025. This Trial is scheduled to begin at 8:30a.m. on December 16, 2025. The parties expect the trial to last for three days.

**II.   THE CHARGE**

Mr. Bell is charged by indictment with one count making a threat against the president in violation of 18 U.S.C. § 871(a). The government must prove the following facts with regard to count one of the indictment:

First, that Mr. Bell intentionally made the alleged statement;

Second, that the statement contained a true threat to kill or injure President Trump;

Third, Mr. Bell intended that the statement be taken as a true threat against President Trump; and

Fourth, under the circumstances in which the statement was made, a reasonable person would foresee that it would be understood by persons hearing it as a true threat to kill or injure President Trump.

**Authority**: 18 U.S.C. § 871(a); *Jury Instructions, United States v. Rachell*, 2014 WL 4070997 (D. Mont. 2014); *Counterman v. Colorado*, 600 U.S. 66, 74-75 (2023) (explaining that the First Amendment requires both proof of a "true threat" and proof of subjective intent); Manual of Model Criminal Jury Instructions for the Fifth Circuit Court of Appeals § 2.38 (2024 ed.); Manual of Model Criminal Jury Instructions for the Tenth Circuit Court of Appeals § 2.36 (2025 ed.).

### III.    JURY INSTRUCTIONS

To carry its burden, the Government must prove that Mr. Bell intended the statement as a true threat and that the statement was, in fact, a true threat to harm or injure the President of the United States. A, "true threat," is a statement expressing a serious intention to kill or injure another, as distinguished from idle, careless talk, exaggeration, political hyperbole, political debate, conditional threats, or something said in a joking manner. *Virginia v. Black*, 538 U.S. 343, 359 (2003) ("'True threats' encompass those statements where the speaker means to communicate a serious expression of an intent to commit an act of unlawful violence to a particular individual or group of individuals."); *Watts v. United States,* 394 U.S. 705, 708 (1969) ("We do not believe that the kind of political hyperbole indulged in by the petitioner fits within the statutory term."); *Id.* (noting that given the "expressly conditional nature of the statement" and context it could not be interpreted as a threat); *Counterman v. Colorado*, 600 U.S. 66, 74 (2023) ("The 'true' in that term distinguishes what is at issue from jests, 'hyperbole,' or other statements that when taken in context do not convey a real possibility that violence will follow[.]") (citing *Watts,* 394 U.S. at 708); *N.Y. Times Co. v. Sullivan*, 376 U.S. 254, 270 (1964) (explaining that the First Amendment protects even the "vehement, caustic, and sometimes unpleasantly sharp attacks on government and public officials.").

To be a true threat, the statement at issue must be made in such a way and under such circumstances that a reasonable person would foresee that the statement would be interpreted by persons hearing it as a serious expression of an intention to kill or inflict bodily harm upon the President. *Counterman,* 600 U.S. at 74; *United States v. Bagdasarian,* 652 F.3d 1113, 1119 (9th Cir. 2011)("It is necessary, then, to determine whether Bagdasarian's statements, considered in their full context, would be interpreted by those to whom the maker communicates the statement as a serious expression of an intention to inflict bodily harm on or to take the life of Obama.") (internal citations omitted) (cleaned up); *Jury Instructions, United States v. Rachell*, No. 9:14-cr-25-DLC (ECF No. 53), 2014 WL 4070997 (D. Mont. 2014).

## IV.   ANTICIPATED TESTIMONY[1]

On April 5, 2025, Mr. Bell went into a local diner. Upon entering, he struck up a conversation with a Department of Public Safety, Fire Marshal Investigator. At some point during this conversation the Government alleges that Mr. Bell indicated that he did not care for the President and made a threat to the effect of "I'll try to shoot him" or "I'll just shoot him." The Fire Marshal Investigator reported his interactions with Mr. Bell on April 5, 2025. No other individuals present at the diner on April 5, 2025, heard Mr. Bell threaten the President.

## V.    MOTIONS

Mr. Bell litigated a motion to dismiss the indictment. That motion was denied by the Court. Mr. Bell anticipates filing motions *in limine* to exclude irrelevant and improper evidence under Fed. R. Evid. 401, 402, 403, and 404.

---

[1] Any information pertaining to facts here provided by the defense is provided purely for contextual purposes, and the defense does not adopt, concede or admit the testimony, conduct or statements of the anticipated government witnesses.

3

**VI.  EVIDENCE**

Mr. Bell will hold the Government to its burden of establishing the admissibility of the exhibits and evidence it intends to offer at trial under the Federal Rules of Evidence.

**VII.  EXPERTS**

The defense will not be calling any expert witnesses to testify.

**VIII.  STIPULATIONS**

No stipulations are anticipated.

**IX.  DEFENSES**

Mr. Bell will rely upon the presumption of innocence and plans to hold the Government to its burden of proof during his trial.

**X.  TRIAL ISSUES**

The principal issue at trial will be whether the Government can carry its burden of proof beyond a reasonable doubt.

Dated: December 2, 2025                                  Respectfully,

/s/ Caleigh Milton
Caleigh S. Milton
Attorney for Defendant
Assistant Federal Defender
P.O. Box 595
Portland, ME 04112-0595
207-553-7070
FAX: 553-7017
caleigh_milton@fd.org

## CERTIFICATE OF SERVICE

I, Caleigh Milton, hereby certify that I have, this date, caused the within **Defendant's Trial Brief**, to be served upon Assistant United States Attorneys Nicholas Heimbach and Shira Furman by forwarding a copy to them electronically via the court's ECF system.

Dated: December 2, 2025                    */s/ Caleigh Milton*
                                            Counsel for the Defendant