UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | No. 2:25-cr-00076-JAW |
| | ) | |
| KEVIN BELL | ) | |

**ORDER ON MOTIONS IN LIMINE**

In a criminal case alleging a defendant threatened to kill the President, the government and the defendant filed several motions in limine to exclude certain evidence. Except for his prior threat against President Bush, the court will restrict the content the defendant's prior threats and law enforcement encounters, limiting the evidence to the fact that the defendant previously made threats that resulted in warnings from law enforcement about future prosecution. The court will also exclude evidence or argument related to the defendant's pilot's license and ability to fly, his past mental health incidents and alleged mental health diagnosis, his personal and familial background, and his punishment if convicted.

**I.      BACKGROUND**

On May 8, 2025, a federal grand jury issued a one-count indictment against Kevin Bell, charging him with making a threat against the President, an alleged violation of 18 U.S.C. § 871(a). *Indictment* (ECF No. 37). Specifically, the indictment alleges that on April 5, 2025, in the District of Maine, Mr. Bell knowingly and willfully made a threat to take the life of and to inflict bodily harm upon the President of the United States. *Id.* Mr. Bell entered a plea of not guilty on May 12, 2025, *Min. Entry*

(ECF No. 41), and the Court dismissed his motion to dismiss the indictment on September 24, 2025. *Order Dismissing Def.'s Mot. to Dismiss Indictment* (ECF No. 56). On November 14, 2025, the Court held a final pretrial conference, at which time it set dates for, inter alia, the filing of motions in limine. *Min. Entry* (ECF No. 70).

With trial scheduled to commence on December 16, 2025 fast approaching, the parties each filed several motions in limine, asking the Court to prohibit opposing counsel from offering certain evidence or argument at trial. Between November 19 and December 2, 2025, Mr. Bell filed four motions in limine. *Def.'s Mot. in Lim. to Exclude Evid. or Test. of Def.'s Alleged Prior Bad Acts* (ECF No. 73) (*Def.'s First Mot.*); *Def.'s Mot. in Lim. to Exclude 404(b) Evid.* (ECF No. 93) (*Def.'s Second Mot.*); *Def.'s Mot. in Lim. to Exclude Evid. or Test. Regarding Mr. Bell's Pilot's License or Ability to Operate Aircraft at Trial* (ECF No. 94) (*Def.'s Third Mot.*); *Def.'s Mot. in Lim. to Exclude Other Irrelevant Evid.* (ECF No. 95) (*Def.'s Fourth Mot.*). On December 2, 2025, the Government filed three motions in limine. *Gov't's Mot. in Lim. to Exclude Reference to Certain Irrelevant Matters* (ECF No. 98) (*Gov't's First Mot.*); *Gov't's Mot. in Lim. to Exclude Lay Test. and Arg. Regarding Def.'s Alleged Mental Health Diagnoses* (ECF No. 99) (*Gov't's Second Mot.*); *Gov't's Mot. in Lim. Regarding Bell's Statements, Intrinsic Evid., and Rule 404(b) Evid.* (ECF No. 101) (*Gov't's Third Mot.*).

The parties filed their respective responses on December 9 and 10, 2025. *Def.'s Opp'n in Resp. to Gov't's Mot. in Lim. Regarding Mr. Bell's Statements, Intrinsic Evid. And Rule 404(b) Evid.* (ECF No. 104) (*Def.'s First Opp'n*); *Def.'s Combined Resp. in Opp'n to Mot. in Lim. To Exclude Lay Test. and Args. Regarding Def.'s Alleged Mental*

*Health Diagnosis and Mot. in Lim. to Exclude Reference to Certain Irrelevant Evid.* (ECF No. 105) (*Def.'s Second Opp'n*); *Gov't's Resp. in Opp'n to Def.'s Mot. in Lim. To Exclude Evid. or Test. Regarding Bell's Pilot's License and Ability to Operate Aircraft* (ECF No. 107) (*Gov't's First Opp'n*); *Gov't's Resp. in Opp'n to Def.'s Mot. in Lim. to Exclude Other Irrelevant Evid.* (ECF No. 108) (*Gov't's Second Opp'n*); *Gov't's Resp. in Opp'n to Def.'s Mot. in Lim. to Exclude 404(b) Evid.* (ECF No. 110) (*Gov't's Third Opp'n*). The Court took all seven motions under advisement on December 10, 2025.

Counsel have put the Court to the test in filing so many motions in limine and then moving to extend their responses. In its Final Pretrial Order, the Court set December 1, 2025 as the date for filing motions in limine, December 8, 2025 as the date for responses, and did not allow replies. *Final Pretrial Order* at 2 (ECF No. 70). But the Court did not know that counsel were going to file seven motions in limine, Mr. Bell filed one motion in limine on November 18, 2025. But on December 1, 2025, counsel filed a consented to motion to extend the deadlines to December 2, 2025 and December 9, 2025, respectively, which the Court granted, again unaware that the parties were contemplating filing seven motions. *Unopposed Mot. to Extend Time to File Trial Brs., Mots. in Lim., Proposed Jury Instrs., and Resps./Objs. to the Same* (ECF No. 82); *Order* (ECF No. 83). The parties proceeded to file six motions in limine on December 2, 2025 and to file some responses on December 9, 2025 and others on December 10, 2025. The attorneys have not given the Court much time to fully consider the merits of their multiple motions. The Court has done its level best in

responding to their motions, but the parties should realize the temporal constraints they have imposed on the Court.

In addition, under Federal Rule of Evidence 103(b), a party need not renew an objection if the court has ruled "definitively on the record." FED. R. EVID. 103(b). At the same time, it is the obligation of counsel "to clarify whether an in limine or other evidentiary ruling is definitive when there is doubt on that point." *Alaniz v. Bay Promo, LLC*, 143 F.4th 18, 29 (1st Cir. 2025) (quoting *Crowe v. Bolduc*, 334 F.3d 124, 133 (1st Cir. 2003) (quoting FED. R. EVID. 103 adv. comm. note to 2000 am.)).

Here, the Court places counsel on notice that all its rulings are provisional, especially in light of the limited period of time the Court has had to consider them. Furthermore, trials take on a life of their own and evidence rarely comes in exactly the way counsel predict it will. Here, all the Court's rulings are made on the assumption that Mr. Bell will not testify on his own behalf. If he testifies, most of the Court's rulings in this order will have to be revisited, depending on what he says. For purposes of trial, the Court cautions counsel, however, that the rulings in this order, although provisional, will apply to their opening statements, and they must assume that the provisional rulings will harden into definitive rulings in what they say to the jury in their opening statements. Finally, before asking a question that will elicit evidence that this order excludes, the Court expects counsel to approach the bench and obtain a definitive ruling.

## II.    THE PARTIES' POSITIONS

### A.    Kevin Bell's Motions in Limine

#### 1.    Kevin Bell's First and Second Motions in Limine

In his first motion in limine, Mr. Bell moves to prohibit the government from offering evidence of Mr. Bell's prior bad acts, including prior threats against other individuals, statements of suicidal ideation, statements of his sexual proclivities, and his prior unrelated contacts with law enforcement.[1]  *Def.'s First Mot.* at 1-2. According to Mr. Bell, evidence of his prior bad acts must be excluded because the Government failed to provide the required notice under Federal Rule of Evidence 404(b).  *Id.* at 3.  Alternatively, Mr. Bell's requests the Court order the Government to provide notice under Rule 404(b) by no later than December 1, 2025.

On November 24, 2025, the Government provided notice to Mr. Bell of its intent to introduce evidence of his prior bad acts.  *Def.'s Second Mot.* at 1; *id.*, Attach. 1 (*Gov't's 404(b) Notice*).  In response to the Government's 404(b) notice letter, Mr. Bell filed his second motion in limine, arguing the Government is prohibited from introducing evidence of his bad acts at trial because (1) the Government's notice was deficient under Rule 404(b) and (2) the alleged prior bad acts are inadmissible either because they are extrinsic evidence unrelated to any non-propensity purpose or risk prejudicing, confusing, and misleading the jury.  *Id.* at 5-18.

---

[1]    In his first motion, Mr. Bell mentions a category, "Sexual Proclivities" and refers to 2024 interview in which he made statements concerning his sexual proclivities. *Def.'s First Mot.* at 2.  Mr. Bell does not describe what he said about this issue, his main point being an alleged lack of notice of Rule 404(b) evidence. *Id.* at 3.  The Government does not expressly mention this issue in its response. *Gov't's Third Opp'n* at 1-10.  The Court therefore has no information about this category of evidence or why it would be relevant to the issues generated in this case.  The Court has not discussed this issue further.

The Government opposes Mr. Bell's first and second motions in limine on the grounds (1) the Government provided reasonable notice pursuant to Rule 404(b); (2) Mr. Bell's statements to law enforcement are admissible either as direct evidence of elements of the charged offense, intrinsic evidence going directly to elements of the charged offense, or offered for a permitted non-propensity purpose. *Gov't's Third Opp'n* at 2-10.

### 2.    Kevin Bell's Third Motion in Limine

In his third motion in limine, Mr. Bell moves to prohibit the Government from introducing evidence of Mr. Bell's pilot's license, history of flying, past attendance at flight schools, or membership in any aviation clubs. *Def.'s Third Mot.* at 1. Mr. Bell argues this evidence is inadmissible because it is irrelevant. *Id.* at 2-3. Alternatively, if the evidence is relevant, Mr. Bell says that it is inadmissible because it is prejudicial and would waste the Court's time and resources and confuse the jury. *Id.* at 3-5.

The Government opposes Mr. Bell's motion, arguing the evidence bears directly on whether Mr. Bell made a true threat against the President and their probative value outweighs any risk of prejudice, confusion, or waste. *Gov't's First Opp'n* at 2-4.

### 3.    Kevin Bell's Fourth Motion in Limine

In his fourth motion in limine, Mr. Bell moves to prohibit the Government from introducing any evidence of testimony related to Mr. Bell's former name, history of mental health hospitalizations or involuntary commitments, that he had been reported missing, and evidence of the contents of a binder found in Mr. Bell's home.

*Def.'s Fourth Mot.* at 1. Mr. Bell argues this evidence is inadmissible because it is irrelevant, or, alternatively, unfairly prejudicial, confusing, and would waste the Court's time and resources. *Id.* at 2-4. Additionally, Mr. Bell argues the contents of the binder recovered at Mr. Bell's home are inadmissible because the Government has failed to properly authenticate the evidence. *Id.* at 4-5.

The Government opposes Mr. Bell's motion, arguing that this evidence is admissible because the evidence bears directly on the elements of the charged offense. *Gov't's Second Opp'n* at 2-5.

### B.    The Government's Motions in Limine

#### 1.    The Government's First Motion in Limine

In its first motion in limine, the Government seeks to prohibit Mr. Bell from offering evidence concerning Mr. Bell's personal or familial history, his possible punishment if convicted, Mr. Bell's lack of criminal conviction history, and defense counsel's personal background or professional experience. *Gov't's First Mot.* at 1. These matters, the Government avers, are inadmissible either because they are irrelevant or because they encourage unfairly prejudicial and encourage jury nullification. *Id.* at 1-4.

Opposing the Government's motion, Mr. Bell explains he agrees with the Government that most of this evidence is irrelevant. *Def.'s Second Opp'n* at 1-10. However, to the extent the Government's evidence puts his mental health, personal history, his possible punishment if convicted, and his lack of criminal convictions history at issue, Mr. Bell has a constitutional right to present a complete defense and

confront the witnesses against him and he therefore must be permitted to provide the full context relevant to these issues. *Id.* For each challenged piece of evidence, Mr. Bell proposes exclusion, redaction, or the opportunity for Mr. Bell to clarify, contextualize, or rebut information the Government presents. *Id.*

### 2. The Government's Second Motion in Limine

In its second motion in limine, the Government seeks to prohibit Mr. Bell from offering any evidence related to his mental health diagnoses. *Gov't's Second Mot.* at 1. As the Government explains, because Mr. Bell will not introduce expert evidence related to his mental health diagnoses, it is inadmissible opinion testimony from a lay witness, irrelevant, hearsay, and would result in unfair prejudice, confuse and mislead the jury, and appeal to jury nullification. *Id.* at 1-8.

In his opposition, Mr. Bell agrees that his history of mental health issues, including his interactions with law enforcement arising from mental health checks and his prior hospitalizations should be excluded from trial. *Def.'s Second Opp'n* at 3-5. To the extent, however, any of this evidence is admissible, Mr. Bell argues the rule of completeness allows him to clarify, contextualize, or rebut the Government's evidence. *Id.* at 6.

### 3. The Government's Third Motion in Limine

In its third motion in limine, the Government moves for a preliminary determination on the admissibility of Mr. Bell's statements to Kenneth Tabor on April 5, 2025 and Phillip Jones on April 7, 2025, as well as Mr. Bell's December 14, 2023 warning from the Federal Bureau of Investigation (FBI) and the Bridgton Police

Department that further threats may result in criminal charges. *Gov't Third Mot.* at 1. Mr. Bell's statements and warning are admissible, the Government argues, as direct evidence of the charged offense, or, alternatively, intrinsic evidence of the charged offense offered for a non-propensity purpose. *Id.* at 2-10.

Mr. Bell opposes the Government's motion on the grounds that Mr. Bell's statements and warning are inadmissible propensity evidence, or, alternatively it impermissibly risks prejudicing, confusing, and misleading the jury. *Def.'s First Opp'n* at 2-7. In addition, Mr. Bell argues the Government should be prohibited from introducing any portion of the Mr. Bell's recorded statement that includes personal opinions or mischaracterizations from law enforcement. *Id.* at 5-6.

## III.    LEGAL STANDARDS

### A.    Relevance

"[E]vidence is relevant if: (a) it has any tendency to make a fact more or less probable than it would be without the evidence; and (b) the fact is of consequence in determining the action." FED. R. EVID. 401. Courts should generally admit relevant evidence unless directed otherwise by the United States Constitution, a federal statute, the Federal Rules of Evidence, or other rules prescribed by the Supreme Court. FED. R. EVID. 402. However, "[t]he court may exclude relevant evidence if its probative value is substantially outweighed by a danger of one or more of the following: unfair prejudice, confusing the issues, misleading the jury, undue delay, wasting time, or needlessly presenting cumulative evidence." FED. R. EVID. 403.

### B.    Rule 404(b) Evidence – Prior Bad Acts

Federal Rule of Evidence 404(b) generally makes inadmissible evidence regarding a defendant's prior crime, wrong, or act when used to prove the defendant's character such that on a particular occasion the defendant acted in conformity with that character.  *See* FED. R. EVID. 404(b)(1); *United States v. Carbone*, 110 F.4th 361, 388 (1st Cir. 2024) ("Rule 404(b) prohibits the prosecution from introducing 'evidence that is extrinsic to the crime charged' solely 'for the purpose of showing villainous propensity.'" (quoting *United States v. Roszkowski*, 700 F.3d 50, 56 (1st Cir. 2012)). However, Rule 404(b) allows the admission of character evidence for other permitted purposes, such as proving motive or opportunity.  FED. R. EVID. 404(b)(2).  In criminal cases, the government must provide reasonable notice in writing before trial to the defendant that it intends to offer evidence subject to Rule 404(b) "so that the defendant has a fair opportunity to meet it," including by articulating the use that the government believes is permitted by the Rule and reasoning that supports its position.  FED. R. EVID. 404(b)(3).

Upon adequate notice, the government's proposal "to introduce evidence of a defendant's prior criminal conduct is subject to a two-part test."  *United States v. Henry*, 848 F.3d 1, 8 (1st Cir. 2017).  "First, the evidence must have "special relevance to an issue in the case" and "must not include bad character or propensity as a necessary link in the inferential chain."  *Id.* (quoting *United States v. Varoudakis*, 233 F.3d 113, 118 (1st Cir. 2000) (internal quotations omitted)).  Specially relevant evidence is permitted when it is admitted "for another purpose, such as proving

10

motive, opportunity, intent, preparation, plan, knowledge, identity, absence of mistake, or lack of accident." FED. R. EVID. 404(b)(2). "If the prior-bad-acts evidence is relevant only for the forbidden propensity inference, then the evidence is inadmissible under Rule 404(b)(1) and the inquiry ends." *United States v. García-Sierra*, 994 F.3d 17, 29 (1st Cir. 2021). Otherwise, the court moves to step two, the application of Rule 403, which requires the probative value of the evidence to substantially outweigh the danger of unfair prejudice. *Id.*; *see also United States v. Sebaggala*, 256 F.3d 59, 67 (1st Cir. 2001) (noting that Rule 404(b) "incorporates sub silentio the prophylaxis of Federal Rule of Evidence 403"). The First Circuit has repeatedly "cautioned that when prior-bad-acts evidence is offered to prove something relevant to the crime charged such as a defendant's motive for the crime, 'courts must be on guard to prevent the motive label from being used to smuggle forbidden evidence of propensity to the jury.'" *Carbone*, 110 F.4th at 388 (quoting *Varoudakis*, 233 F.3d at 120 (citation omitted)).

## IV.    DISCUSSION

### A.    Kevin Bell's Motion in Limine to Exclude 404(b) Evidence[2]

In its 404(b) letter to defense counsel, the Government lists Mr. Bell's prior threats, other conduct, and law enforcement encounters they plan to offer in evidence at trial. *Gov't's 404(b) Notice* at 1-5. Mr. Bell seeks to exclude evidence of Mr. Bell's

---

[2]    Because the Government's arguments in its motion limine regarding Rule 404(b) evidence are duplicative of the arguments in its pretrial brief and its opposition to Mr. Bell's motion in limine to exclude 404(b) evidence, which the Court addresses in this section, it will not separately address the Government's motion in limine regarding Mr. Bell's statements, intrinsic evidence, and rule 404(b) evidence. *Gov't's Third Mot.*

prior threats against other presidents and individuals, his termination from employment, his suicidal ideation, psychiatric hospitalization, mental health contacts, and use of privacy protecting technology on the grounds they are inadmissible under Rule 404(b) or Rule 403. *Def.'s Second Mot.* at 6-18.

The Government maintains that these materials are direct evidence of the charged offense, not 404(b) evidence. *Id.* Specifically, the Government argues Mr. Bell's conduct bear on whether he made a true threat and that he knowingly and willfully uttered the threat. *Id.* at 17, 18-19, 19, 19-20. Thus, "out of an abundance of caution," the Government provided notice to defense counsel because, should the Court determine the evidence falls under Rule 404(b), they aver, it is admissible for a permitted purpose under the Rule. *Id.*; *Gov't's Trial Brief* at 15-20.

### 1.    Prior Threats and Law Enforcement Encounters

The Court agrees with the Government that Mr. Bell's prior threats and law enforcement contacts are direct evidence of the charged offense but only as to whether Mr. Bell knowingly and willfully said the threat, not whether Mr. Bell's statement was a true threat. Specifically, Mr. Bell's prior threats and subsequent warnings from law enforcement bear on Mr. Bell's understanding that he was stating a threat on April 5, 2025. However, what matters for this element is simply that Mr. Bell has made threats in the past, including a threat against President Bush, and received warnings from law enforcement. Accordingly, to mitigate any Rule 403 prejudice, the Court will restrict the content of Mr. Bell's earlier threats, except his threat against

President Bush, because what is relevant here is that Mr. Bell has made threats before and was warned if he did so again that he might be prosecuted.

Accordingly, if counsel for Mr. Bell wishes the Court to do so, the Court will issue a cautionary instruction to the jury, limiting the jury's consideration that Mr. Bell's prior threats and law enforcement encounters are evidence only as to the element that Mr. Bell knowingly and willfully said the alleged threat, not on whether the charged threat was a true threat, and will warn the jury against treating this evidence as evidence of bad character or propensity.

### 2.    Other 404(b) Evidence

Mr. Bell argues that evidence relating to his termination from employment, his suicidal ideation, psychiatric hospitalization, mental health contacts, and use of privacy protecting technology are inadmissible under 404(b) because (1) the Government failed to provide him adequate notice; (2) they are extrinsic to the charged offense; (2) they are impermissible propensity evidence; and (2) even if such evidence were relevant for a non-propensity purpose, their probative value is substantially outweighed by the risk of prejudice to Mr. Bell. *Def.'s Second Mot.* at 10-11, 13-18.

The Court agrees with Mr. Bell that this evidence is extrinsic and therefore analyzes its admissibility under Rule 404(b), beginning with the Government's obligation to provide reasonable notice to Mr. Bell.

### a.    Sufficiency of the Government's 404(b) Notice

First, Mr. Bell argues the Government's 404(b) notice is substantively deficient, because its list of proposed evidence lacks specificity and fails to state the reasons supporting the permitted purpose for which it seeks admission. *Def.'s Second Mot.* at 5-6. Mr. Bell does not challenge the timeliness of the Government's notice. The Government responds that their notice is not substantively deficient and complies with Rule 404(b)(3). *Gov't's Third Resp.* at 2-4. According to the Government, the 404(b) notice's summary of Mr. Bell's statements along with the corresponding Bates numbers in the discovery record "are clearly sufficient to give reasonable notice to Bell so that he has a fair opportunity to meet it at trial," and to the extent any notice did not sufficiently address the reasons supporting the stated permitted purpose for which the Government seeks to admit the evidence, it has "supplemented that notice at length" in its pretrial brief and third motion in limine. *Id.* at 4. For the reasons explained below, the Court determines the Government's notice was sufficient.

Rule 404(b)(3) requires the Government to "articulate a non-propensity purpose for which the evidence is offered and the basis for concluding that the evidence is relevant in light of this purpose." FED. R. EVID. 404 adv. comm. note 2020 am. The Government must "describe the acts with enough specificity for [the defendant] to assess them, conduct an independent investigation of them, and prepare for cross-examination." *United States v. Padilla-Galarza*, Crim. No. 15-633 (SCC), 2022 U.S. Dist. LEXIS 71967, at *3-5 (D.P.R. Apr. 18, 2022) (finding

14

government's 404(b) notice deficient where it did not "name the witness, state when the acts occurred, or share any other identifying details"). Moreover, "what constitutes a reasonable request or disclosure will depend largely on the circumstances of each case." FED. R. EVID. 404 adv. comm. note 1991 am; *accord Carbone*, 110 F.4th at 386-87.

Here, the Government's notice states that the non-propensity purposes for this evidence is that it is proof of "intent, knowledge, absence of mistake, and lack of accident." *404(b) Notice* at 2, 3, 4, 5. However, the Government's notice does not offer the basis for concluding that the evidence is relevant given that stated purpose. Rather, the Government offers those bases in its pretrial brief. *Gov't's Pretrial Brief* at 14-20. Specifically, the Government argues that Mr. Bell's statements "bear directly on . . . whether Bell made a true threat" and "Bell's understanding of, and intention behind, his statement." *Id.* at 17; *see also, id.*, at 18-19, 19, 19-20.

In light of the circumstances, the Court determines the Government's notice was reasonable, in accordance with Rule 404(b)(3) because defense counsel had actual notice consistent with the Rule. Although the Government's November 24, 2025 letter failed to state the reasons supporting its asserted non-propensity purpose, its December 2, 2025 pretrial brief—filed two weeks before trial—cured that deficiency. There is nothing in Rule 404(b)(3) suggesting that notice cannot be given through the government's pretrial brief or that it cannot supplement a previously deficient notice, only that reasonable notice must be delivered in writing before trial. FED. R. EVID. 404(b)(3)(C).

15

Moreover, Mr. Bell does not argue that he suffered any resulting prejudice from the government's allegedly deficient notice—i.e., that the Government did not give him a fair opportunity to meet its proposed evidence. *See, e.g.*, *United States v. White*, 816 F.3d 976, 984 (8th Cir. 2016) ("Whether notice was reasonable is informed in part by a defendant's proof that he suffered prejudice as a result") (citing *United States v. Vega*, 188 F.3d 1150, 1155 (9th Cir. 1999); *accord Carbone*, 110 F.4th at 386-87. This is particularly so in a case like this where the Government seeks to introduce the evidence through the defendant's own statements from audio recordings both parties have had access to since discovery. The Government's notice provided the Bates numbering corresponding to where in the transcripts of the audio recordings Mr. Bell gave a statement mentioning potential 404(b) evidence and their pretrial brief provided the reasons why that evidence is admissible. Accordingly, there is nothing in the record suggesting the Government's disclosure did not give Mr. Bell a fair opportunity to meet the alleged bad acts contained in his own statements, such that he could not "conduct an independent investigation . . . and prepare for cross-examination." *Padilla-Galarza*, 2022 U.S. Dist. LEXIS 71967, at *4.

### b.    Admissibility of Government's 404(b) Evidence

Finding the Government provided adequate notice, the Court moves on to determine whether the evidence relating to Mr. Bell's termination from employment, his suicidal ideation, psychiatric hospitalization, mental health contacts, and use of privacy protecting technology are inadmissible under 404(b).

First, on Mr. Bell's prior mental health challenges, the Government argues Mr. Bell's statements about his suicidal ideation, psychiatric hospitalization, and mental health contacts "demonstrate his knowledge and intent in threatening the President," "that the threat would be received as a threat," and "the absence of a mistake or accident in making the threat." *Gov't's Pretrial Brief* at 19.    Given that the Court will exclude for the most part the content of Mr. Bell's prior threats, it is difficult to square how Mr. Bell's prior mental health issues have special relevance to his knowledge, intent, or lack of mistake when he allegedly threatened to kill the President. Moreover, any use of his prior mental health incidents requires the inference that his past cognitive instability makes him more likely to intend his alleged threat.  *See United States v. Frankhauser*, 80 F.3d 641, 648 (1st Cir. 1996); *United States v. Rodriguez-Estrada*, 877 F.2d 153, 155 (1st Cir. 1989) ("If the evidence brings unwanted baggage, say, unfair prejudice or a cognizable risk of confusing the jury, and if the baggage's weight substantially overbalances any probative value, then the evidence must be excluded").  The Court therefore determines these statements—Mr. Bell's suicidal statements in two YouTube videos, interactions with his treating psychiatrist, and statements made to law enforcement resulting in involuntary hospitalization—are inadmissible.  *United States v. García-Sierra*, 994 F.3d 17, 29 (1st Cir. 2021) ("If the prior-bad-acts evidence is relevant only for the forbidden propensity inference, then the evidence is inadmissible under Rule 404(b)(1) and the inquiry ends").

Next, on Mr. Bell's statement that he was fired from his software engineer job for threatening to put bugs in the code and leak information should he ever acquire a security clearance, the Government represents that it does not intend to introduce this statement in its case in chief. *Gov't's Third Opp'n* at 2, n.3. Consequently, the Court accepts the Government's concession and does not reach whether this evidence is admissible at trial.

Finally, with respect to Mr. Bell's use of privacy protecting technology, specifically his statements that he uses a VPN and burner phones to avoid detection so he can share comments online, the Government argues these statements "demonstrate his knowledge and intent in threatening the President," "that the threat would be received as a threat," and "the absence of a mistake or accident in making the threat." *Gov't's Trial Brief* at 19. The Court agrees that Mr. Bell's use of privacy protecting technology in the context of his conversation with Investigator Tabor could have special relevance to his knowledge or intent in making the alleged threat if the Government were able to establish that Mr. Bell installed the technology to avoid detection for his prior threats. However, people could install privacy protecting technology for a wide variety of reasons. For example, if Mr. Bell installed the technology because he searched for adult pornography, not to cover his threats, the admission of this evidence would not survive the special relevance test. Without confirmation that the Government has evidence that the reason he installed this equipment was related to his desire to make anonymous threats, the Court concludes

that the evidence of his installation of privacy protecting technology does not satisfy the special relevance test.

Furthermore, if specially relevant, the Court concludes its probative value is substantially outweighed by the danger of unfair prejudice. *García-Sierra*, 994 F.3d at 29; *Carbone*, 110 F.4th at 388 (noting that the First Circuit has repeatedly "cautioned that when prior-bad-acts evidence is offered to prove something relevant to the crime charged such as a defendant's motive for the crime, 'courts must be on guard to prevent the motive label from being used to smuggle forbidden evidence of propensity to the jury'") (quoting *Varoudakis*, 233 F.3d at 120 (citation omitted)).

### B.    Mr. Bell's Pilot's License and Ability to Fly

Mr. Bell moves to exclude from trial evidence that he has a pilot's license, attended flight school, and has flown out of several small local airports on the grounds that this evidence is (1) irrelevant; (2) if relevant, its probative value is substantially outweighed by its prejudicial effect; and (3) admission of this evidence wastes the Court's time and resources. *Def.'s Third Mot.* 2-5. The Government opposes Mr. Bell's motion, arguing that this evidence, particularly in the context of his statements about flying to D.C. undetected or hijacking planes, bears directly on whether Mr. Bell made a true threat and that he knowingly and willfully stated that threat. *Gov't's First Opp'n* at 2-4.

Given that the Court will exclude the content of prior threats made by Mr. Bell, evidence of Mr. Bell's pilot's license, ability to fly, and his history of flying is irrelevant, and the Court will exclude this evidence from trial.

### C.    Kevin Bell's Former Name and Binder

Mr. Bell moves to exclude evidence or testimony relating to his former name and the contents of a binder found in his home. *Def.'s Fourth Mot.* at 1. Because the Government does not intend to introduce evidence or testimony regarding Mr. Bell's former name or the contents of his binder, the Court accepts the Government's concession and does not address their admissibility.

### D.    The Government's Motion to Exclude Certain Irrelevant Matters

The Government seeks to exclude Mr. Bell from addressing certain "irrelevant matters" that risk encouraging jury nullification and unfairly prejudices, confuses, and misleads the jury. *Gov't's First Mot.* at 1. Specifically, the Government seeks to preclude Mr. Bell or defense counsel from presenting any evidence, making any arguments, and conducting any inquiries on cross-examination concerning (1) Mr. Bell's personal or familial background; (2) Mr. Bell's possible punishment if convicted; (3) Mr. Bell's lack of criminal conviction history; (4) defense counsel's personal background or professional experience. *Id.*

As to Mr. Bell's personal and familial background as well as defense counsel's personal background and professional experience, Mr. Bell agrees this information is not relevant and should be inadmissible at trial. *Def.'s Second Opp'n* at 9-10.

As to Mr. Bell's possible punishment and lack of criminal convictions, Mr. Bell proposes eliminating all reference to his prior law enforcement encounters and references to his possible punishment, including Mr. Bell's arrest, state charges, or incarceration. *Id.* at 6-9. The Court has limited evidence about his state charges or (other than the federal charge) his state arrest and incarceration and is addressing

this issue with this disadvantage.  As the Court has previously explained, except for his threat against President Bush, Mr. Bell's prior threats and law enforcement encounters are direct evidence of the knowing and willful element of the charged offense.  The Court will limit this evidence to the fact that Mr. Bell has made threats in the past that resulted in warnings of future prosecutions from law enforcement. As for references to the punishment if convicted, the Court agrees with the Government that the parties are precluded from offering evidence, testimony, or inquiring on cross-examination about Mr. Bell's prospective punishment or other collateral consequences if convicted.  *See Shannon v. United States*, 512 U.S. 573, 579 (1994) ("Information regarding the consequences of a verdict is therefore irrelevant to the jury's task").

### E.    Kevin Bell's Alleged Mental Health Diagnosis

The Government moves to preclude Mr. Bell from introducing any evidence, making any argument, and inquiring on cross-examination related to his alleged mental health diagnosis.  *Gov't's Second Mot.* at 1.  Mr. Bell agrees that this evidence should be excluded, along with any reference to his law enforcement contacts flowing from his mental health incidents.  *Def.'s Second Opp'n* at 3-6.  Because the Court will exclude Mr. Bell's mental health issues under Rule 404(b), the Court will also exclude Mr. Bell's alleged mental health diagnosis.

### F.    Case Status

The Court notes that its ruling is subject to developments at trial and based on the representation that Mr. Bell will not testify at trial.  If Mr. Bell elects to testify,

the statements the Court excluded may become admissible either as relevant evidence or for a permitted purpose, such as impeachment.

For purposes of trial, the Court cautions counsel, however, that the rulings in this order, although provisional, will apply to their opening statements, and they must assume that the provisional rulings will harden into definitive rulings in what they say to the jury in their opening statements. Finally, before asking a question that will elicit evidence that this order excludes, the Court expects counsel to approach the bench and obtain a definitive ruling.

## V.    CONCLUSION

The Court GRANTS in part and DENIES in part Kevin Bell's Motion in Limine to Exclude Evidence or Testimony of Defendant's Alleged Prior Bad Acts (ECF No. 73) and Kevin Bell's Motion in Limine to Exclude 404(b) Evidence (ECF No. 93) such that the Court will limit evidence of Mr. Bell's prior threats and law enforcement contact to the fact that he has made threats in the past and been warned of prosecution by law enforcement, except for the details about Mr. Bell's prior threat against President Bush. The Court GRANTS Kevin Bell's Motion in Limine to Exclude Evidence or Testimony Regarding Mr. Bell's License or Ability to Operate Aircraft at Trial (ECF No. 94). The Court DISMISSES as moot Kevin Bell's Motion in Limine to Exclude Other Irrelevant Evidence (ECF No. 95). The Court GRANTS the Government's Motion in Limine to Exclude Reference to Certain Irrelevant Matters (ECF No. 98). The Court GRANTS the Government's Motion in Limine to Exclude Lay Testimony and Argument Regarding Defendant's Alleged Mental Health

Diagnosis (ECF No. 99).  The Court Dismisses as moot the Government's Motion in Limine Regarding Bell's Statements, Intrinsic Evidence, and Rule 404(b) Evidence (ECF No. 101).

      SO ORDERED.

                       /s/ John A. Woodcock, Jr.
                       JOHN A. WOODCOCK, JR.
                       UNITED STATES DISTRICT JUDGE

Dated this 12th day of December, 2025